{¶ 29} I agree with the majority that this vehicle was either stolen or used in a criminal offense of "unauthorized use of a motor vehicle." Having found that appellant's truck was stolen and that the removal and disposal provisions of R.C. 4513.61 were inapplicable, the procedures for return of a stolen vehicle that should have been followed in this case are outlined in R.C. 2933.41. Recovery and return of stolen property, including stolen motor vehicles, is governed by R.C. 2933.41. R.C.2933.41(A)(1) states that "[a]ny property * * * that has been lost, abandoned, stolen * * * and that is in the custody of a law enforcement agency shall be kept safely pending the time it no longer is needed as evidence and shall be disposed of pursuant to this section."
 {¶ 30} After the property is no longer needed for evidence, a reasonable effort must be made to return the property to its rightful owner.
"[A] law enforcement agency that has property in its possession that is required to be disposed of pursuant to this section shall make a reasonable effort to locate the persons entitled to possession of the property in its custody, to notify them of when and where it may be claimed, and return the property to them at the earliest possible time. In the absence of evidence identifying the persons entitled to possession, it is sufficient notice to advertise in a newspaper of general circulation in the county, briefly describing the nature of the property in custody and inviting persons to view and establish their right to it."
 {¶ 31} In the instant case, I find that a reasonable effort was not made to return the vehicle to appellant. The only effort that was made to return appellant's vehicle to him was in the form of an undelivered certified letter informing him of the location of his vehicle. Appellant never received notice that he was to sign for certified mail. Consequently, the letter was never delivered and appellant had no notice that he vehicle was recovered. I cannot say that the Akron Police Department made a reasonable effort to contact appellant or to return his vehicle to him. Thus, I find that the requirements of R.C. 2933.41 were not met.
 {¶ 32} The Akron Police Department clearly did not comply with the requirements of R.C. 2933.41 for returning appellant's stolen vehicle to him or making a reasonable effort to notify him of its recovery. In light of the above, I find that the trial court erred in granting summary judgment in favor of the Appellee. I would reverse the judgment of the trial court, and enter judgment in favor of appellant finding that his car was stolen and that the notice requirements of R.C. 2933.41 were not met.